IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                        No. CR 09-3613 JB

JUAN MANUEL VASQUEZ,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Objections to Pre-Sentence Investigation Report and Sentencing Memorandum Submitted on Behalf of Defendant Juan Manuel Vasquez, filed August 5, 2011 (Doc. 59)("Objections and Sentencing Memorandum"). The Court held a sentencing hearing on August 17, 2011. The primary issue is whether the Court should downwardly depart and/or downwardly vary from the sentencing guidelines application in the Presentence Investigation Report, disclosed April 12, 2011("PSR"). The Court will downwardly depart to a criminal history category of III and downwardly vary to impose a sentence of 30-months imprisonment.

**FACTUAL BACKGROUND**

Defendant Juan Manuel Vasquez was born in Mexico. See PSR ¶¶ 33-34, 36, at 11-12. Vasquez has never known his father, and his mother is deceased. See PSR ¶ 34, at 11. He has three siblings in Mexico. See PSR ¶ 35, at 11. Vasquez' education and marital status is unclear, however, he has two children in Mexico. See PSR ¶¶ 30, 37, 43, at 10, 12-13. Vasquez has primarily worked as a laborer in construction and farming. See PSR ¶¶ 44-45, at 13. Vasquez' substance abuse started when he was a child, and his drug use included marijuana, crack cocaine, and heroin. See PSR ¶ 41, at 12-13. The PSR indicates that his substance abuse may have ended in 1992. See PSR

¶ 42, at 13.

Vasquez received his first felony conviction in May 1991 for Possession of Marijuana for Sale.  See PSR ¶ 22, at 6.  He was sentenced to 99 days in custody (time served) and three-years probation.  See PSR ¶ 22, at 6.  Two months later, he violated his terms of probation, and a warrant issued for his arrest.  See PSR ¶ 22, at 6.  In October 1991, Vasquez was arrested for another felony, Possession for Sale of a Controlled Substance (cocaine).  See PSR ¶ 23, at 6.  In November 1991, Vasquez was arrested for a third felony, Possession of Counterfeit Federal Reserve Notes.  See PSR ¶ 24, at 7.  For his November 1991 arrest, Vasquez was sentenced to four months custody and two years supervised release, and was released to the Immigration Naturalization Service ("INS") in March 1992.  See PSR ¶ 24, at 7.

In December 1992, San Francisco police responded to a domestic altercation, and Vasquez was charged with "Inflict Corporal Injury to Spouse/Cohabitant and Assault with Deadly Weapon -- Other than Firearm."  PSR ¶ 29, at 10.  Those charges were ultimately dropped in favor of the revocation proceedings from Vasquez' 1991 marijuana conviction.  See PSR ¶ 29, at 10.  In June 1993, Vasquez was sentenced to five years in custody for the 1991 cocaine conviction, to run concurrently with his two-year sentence for the probation violation.  See PSR ¶¶ 22-23, at 6-7.  Vasquez was deported on September 28, 1995.  See PSR ¶ 27, at 9.  Three days later, on October 1, 1995, he illegally re-entered the United States.  See PSR ¶ 27, at 9.  In October 1995, Vasquez was arrested for Illegal Re-Entry and eventually sentenced to 24-months imprisonment.  See PSR ¶ 25, at 8.  He was deported to Mexico on September 19, 1997.  See PSR ¶ 25, at 8.

In January 1998, Vasquez cashed a fraudulent check in Tacoma, Washington, he was charged with Forgery in September 1999, and the warrant from that arrest remains outstanding.  See PSR ¶ 25, at 8.  In September 1998, Vasquez was arrested for Domestic Violence; the case,

however, was ultimately dismissed.  <u>See</u> PSR ¶ 30, at 10.  In December 1998, he was arrested for misdemeanor Driving with a Suspended License and sentenced to 90 days in custody, suspended.  <u>See</u> PSR ¶ 26, at 8.  In November 1999, Vasquez was arrested for Improper Entry by an Alien -- 2nd Offense, sentenced to 29 months and 14 days in custody, and deported to Mexico on December, 21, 2001.  <u>See</u> PSR ¶ 27, at 8-9.

Vasquez committed his current federal offense on September 3, 2009.  <u>See</u> PSR ¶ 4, at 3.  United States Border Patrol ("USBP") agents spotted Vasquez walking north from the United States/Mexico international boundary.  <u>See</u> PSR ¶ 4, at 3.  He admitted to being a citizen of Mexico without documents allowing him to legally be in the United States.  <u>See</u> PSR ¶ 4, at 3.

## PROCEDURAL BACKGROUND

A federal grand jury indicted Vasquez on December 16, 2009 for violations of 18 U.S.C. § 1326(a) and (b).  <u>See</u> Redacted Indictment, filed December 16, 2009 (Doc. 13)("Indictment").  In February 2010, Plaintiff United States of America ordered a Form 13 (pre-plea) Presentence Investigation Report ("Form 13").  <u>See</u> Objections and Sentencing Memorandum ¶ 4, at 2; United States' Response to Defendant's Sentencing Memorandum at 1, filed August 14, 2011 (Doc. 60)("Response").  The  United States Probation Office ("USPO") disclosed the Form 13 on April 8, 2010.  <u>See</u> Response at 1.

Form 13 calculated Vasquez' offense level to be 24, with a base level of 8 pursuant to U.S.S.G. § 2L1.2(a) and a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A).  <u>See</u> Response at 1; Objections and Sentencing Memorandum ¶¶ 5-6, at 2.  According to Form 13, Vasquez had a criminal history category of II, based on three criminal history points.  <u>See</u> Response at 1; Objections and Sentencing Memorandum ¶ 7, at 2.  Using this information, the Form 13 calculated the guidelines range to be 57 to 71 months.  <u>See</u> Objections and Sentencing Memorandum

¶ 8, at 2.  Because the USPO prepared Form 13 pre-plea, it did not reflect an offense level reduction based on the United States' fast track plea program or for acceptance of responsibility.  See Objections and Sentencing Memorandum ¶ 8, at 2-3.

Counsel for Vasquez and the United States began plea negotiations in reliance on the Form 13's guidelines calculations.  See Objections and Sentencing Memorandum ¶ 9, at 3.  On March 3, 2011, Vasquez pled guilty to the Indictment for Reentry of a Removed Alien with a non-standard fast track plea agreement based on advice from counsel that the guidelines range would be 37 to 46 months.  See Objections and Sentencing Memorandum ¶ 10, at 3; Response at 1; Plea Agreement filed March 3, 2011 (Doc. 51).

On April 12, 2011, the USPO disclosed the PSR.  See PSR at 2.  The PSR calculated Vasquez' adjusted offense level at 20 and his criminal history category at IV, based on 9 criminal history points, resulting in a guidelines range of imprisonment of 51 to 63 months.  See PSR at 14.

On August 5, 2011, Vasquez filed the Objections and Sentencing Memorandum.  See Doc. 59.  Vasquez contends that the Court should disregard the PSR's criminal history calculation because he relied on the Form 13 when he pled guilty to the charge in this case and understood that the guidelines range would be 37 to 46 months.  See Objections and Sentencing Memorandum ¶ 18, at 4.  Vasquez asks the Court to find a recommended guidelines range of 37 to 46 months, consisting of a total offense level of 20 and a criminal history category II.  See Objections and Sentencing Memorandum ¶ 19, at 4.  Vasquez argues that the Court should grant a variance based on the nature and circumstances of the offense; he contends that Illegal Re-Entry is a victimless crime which disproportionately punishes Hispanics and which is "needlessly harsh."  Objections and Sentencing Memorandum at 8.  Additionally, Vasquez argues that he has been a model inmate and is not a criminal character deserving of the PSR's proposed guidelines sentence.  See Objections and

Sentencing Memorandum at 9-10.  Finally, Vasquez contends that he faces harsher conditions of incarceration than the general population because of his status as an illegal alien.  <u>See</u> Objections and Sentencing Memorandum at 12.

On August 14, 2011, the United States filed its Response.  <u>See</u> Doc. 60.  The United States asserts that the PSR contains two 3-point additions for convictions which were listed in the Form 13, but which were not counted in the criminal history calculation.  <u>See</u> Response at 2.  The United States further asserts that the difference between the Form 13 and the PSR was the result of a clerical error in the calculation of the time which had passed since Vasquez served the sentences. <u>See</u> Response at 2.  The United States concedes that negotiations envisioned a sentence consistent with a criminal history category II and recommended a sentence at the low end of the guidelines range, 37 months.  <u>See</u> Response at 2.

On August 12, 2011, the USPO issued an Addendum to the PSR ("Addendum").  In the Addendum, the USPO determined that, pursuant to U.S.S.G. § 4A1.3(b)(1), which allows for a downward departure in criminal history if information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history, Vasquez' criminal history category should be a category III and not a category IV.  <u>See</u> Addendum at 1.  The total offense level of 20 and criminal history category of III results in a guideline imprisonment range of 41 to 51 months.  <u>See</u> Addendum at 1.

The Court held a hearing on August 17, 2011.  At the hearing, the United States moved for, and Vasquez did not object to, the 3-level downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).  <u>See</u> Transcript of Hearing at 4:17-5:4 (August 17, 2011)(Court,

-5-

Kastrin, Sapien)("Tr.").[1]  The United States also moved for, and Vasquez did not object to, a 1-level downward departure pursuant to the plea agreement and U.S.S.G. § 5K3.1.  See Tr. at 5:5-9 (Court, Sapien).  The Court entered orders granting both of the United States' motions.  See Order, filed August 17, 2010 (Doc. 62)(granting the 3-level downward departure for acceptance of responsibility); Order, filed August 17, 2010 (Doc. 64)(granting the 1-level downward departure pursuant to the plea agreement).  After the downward departures, the Court noted that the total offense level was then 20 with a criminal history category of IV, which established a guidelines range of 51 to 63 months.  See Tr. at 5:11-20 (Court).

In support of his Objections and Sentencing Memorandum, Vasquez argued that he relied heavily on the Form 13 when determining whether to plead guilty.  See Tr. at 6:17-20 (Sapien).  Vasquez asserted that several of the offenses for which he received criminal history points were close to the fifteen-year limit that the sentencing guidelines place on consideration of such offenses.  See Tr. at 7:9-15 (Sapien).  Vasquez argued that the Court should rely on the guidelines range originally calculated in the Form 13 -- 37 to 46 months.  See Tr. at 8:17-25 (Sapien).  Vasquez stated that he did not believe that the United States opposed a sentence of 37 months, but that he believed it would oppose Vasquez' request for a variance below the guidelines range pursuant to United States v. Booker, 543 U.S. 220 (2005).  See Tr. at 9:1-4 (Sapien).

Vasquez noted that he has served 23 and a half months, while the parties attempted to resolve the case, and stated that "presentence confinement is some of the hardest time that a person serves."  Tr. at 9:7-24 (Sapien).  Vasquez also asserted that an additional basis for the Court to downwardly vary his sentence is that the United States Sentencing Commission ("USSC") has proposed new

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

guidelines that would change the enhancement under U.S.S.G. § 2L1.2(b)(1)(A) from 16-levels to 12-levels. <u>See</u> Tr. at 9:25-10:6 (Sapien). Vasquez stated that all which remains for the proposed guidelines to become effective is Congress' up or down vote. <u>See</u> Tr. at 10:9-10 (Sapien). Vasquez proposed that he receive a sentence of no more 30-months imprisonment. <u>See</u> Tr. at 11:14-20 (Sapien).

The United States stated that it thought Vasquez' criminal history is accurately reflected by a criminal history category III, but that given the circumstances of the plea negotiations, it believed that fairness requires the Court to treat Vasquez' criminal history category as II. <u>See</u> Tr. at 12:23-13:2 (Kastrin). The United States suggested that the procedurally proper way to address the Form 13 issue would be to downwardly depart from a criminal history category IV to a criminal history category III, then downwardly vary to a criminal history category II. <u>See</u> Tr. at 13:2-5 (Kastrin). The United States argued that a criminal history category III is an over-representation of Vasquez' criminal history, because his sentence on the 1991 cocaine conviction ended on September 28, 1995, twenty-four days shy of the fifteen-year guidelines limit in comment 1 to U.S.S.G. § 4A1.1 . <u>See</u> Tr. at 13:24-14:10 (Kastrin). The United States contended that the sentence on the 1995 Illegal Re-Entry conviction would most likely have resulted in Vasquez receiving a criminal history category III, had the Form 13 not miscalculated the relevant time period. <u>See</u> Tr. at 14:10-17 (Kastrin). The United States also conceded that it would be satisfied with a 37-month sentence. <u>See</u> Tr. at 14:17-18 (Kastrin).

The USPO informed the Court that the proposed amendments to the guidelines would affect the 16-level enhancement that Vasquez received under U.S.S.G. § 2L1.2(b)(1)(A). <u>See</u> Tr. at 15:9-18 (Valdez). Under the proposed amendments, if a defendant would receive a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), but does not receive any criminal history points for the predicate

offense, then the defendant receives reduced enhancement of 12-levels.  See Tr. at 15:13-16 (Valdez); U.S.S.G. § 2L1.2(b)(1)(A) (proposed amendment)(effective November 1, 2011)("a conviction for a felony that is (a) a drug trafficking offense for which the sentence exceeded 13 months . . . , increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points.").  The USPO argued that the 16-level enhancement was accurately imposed, even under the proposed amendments, because the predicate offense received criminal history points in the PSR.  See Tr. at 15:22-16:2 (Valdez).

The United States argued that a reduction below 37 months is inappropriate in this case, because the United States' error in plea negotiations should not result in a windfall to Vasquez and a sentence of 37 months accounts for all errors that occurred.  See Tr. at 17:11-20 (Kastrin).  The United States asserted that, looking at the 18 U.S.C. § 3553 factors Vasquez has five felony convictions, three of which are immigration convictions, and that his most recent immigration conviction resulted in a sentence of 29 months.  See Tr. at 17:21-18:1 (Kastrin).  The United States argued that "it would send the wrong message to the defendant to sentence him to a sentence that is lesser than his prior immigration sentence, which we know by looking at him today was not sufficient to deter him."  Tr. at 18:5-8 (Kastrin).  It stated that Vasquez was not entitled to an additional variance under the proposed amendments to the guidelines, because Vasquez would already be receiving a variance for errors on the part of the USPO in Form 13.  See Tr. at 18:24-19:2 (Kastrin).  The United States asserted that, if Vasquez received a 12-level enhancement instead of the 16-level enhancement, then it would oppose a further variance from a criminal history category III to criminal history category II.  See Tr. at 19:8-13 (Kastrin).  The United States also stated that it would defer to the Court's discretion whether there are grounds for further variance, but requested

"that no variance go below that of 29 months, the last sentence he served for an immigration conviction."  Tr. at 19:17-22 (Kastrin).

## ANALYSIS

The Court has reviewed the PSR's factual findings with care.  There not being any objections to those factual findings, the Court will adopt them as its own.  The Court has also considered the sentencing guideline application in the PSR.  Although the Court will depart downward on the criminal history category, the Court otherwise adopts those calculations as its own.  The Court has also considered the factors set forth in 18 U.S.C. § 3553(a).

Before any downward departure, the offense level is 21 and the criminal history category is IV, establishing a guideline imprisonment range of 57 to 71 months.  Pursuant to rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure and U.S.S.G. § 5K3.1, the Court accepts the plea agreement, which stipulates to an offense level of 20, as the Court is satisfied that the agreed-on offense level departs for justifiable reasons.  The plea agreement is pursuant to a nonstandard fast track plea agreement.  In Section 401(m)(2)(b) of the PROTECT Act, Congress approved early disposition or fast track programs if certain conditions are met.  The Court believes that these conditions are met in this case, and that this departure is in the lower part of the range of departures that Congress allowed.  The Court accepts the plea agreement, and the Court's sentence will be consistent with it.  An offense level of 20 combined with a criminal history category of IV, establishes a guideline imprisonment range of 51 to 63 months.

The Court will also grant a downward departure on the criminal history category.  The Court may depart downward from a defendant's criminal history category if it concludes that the category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3(b).  Pursuant to U.S.S.G.

§ 4A1.3(b) the Court finds a departure is warranted, as Vasquez' criminal history score substantially over-represents his criminal history.  The Court finds that Vasquez' criminal history is more consistent with a criminal history category of III because the calculation of Vasquez' criminal history score in the PSR includes a 1993 conviction for Possession for Sale of a Controlled Substance (cocaine), for which he was sentenced to five years in custody and for which he was released on September 28, 1995.  See PSR ¶ 23, at 6-7.  This conviction is approximately twenty-four days short of avoiding the fifteen-year accountable time frame.  See U.S.S.G. § 4A1.1 cmt. 1 ("A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period.").  The PSR's calculated criminal history score also includes a 1996 conviction for Illegal Reentry After Deportation, for which Vasquez received a sentence of 24 months in custody and for which he was released on July 19, 1997.  See PSR ¶ 25, at 8.  The Court feels comfortable granting a departure for the 1993 conviction because that conviction is close to becoming stale.  The 1996 conviction falls more solidly within the fifteen-year time frame.  While the age of both convictions counsels for a reduction, the Court does not believe that a criminal history category of III substantially over-represents Vasquez' criminal history.  Additionally, Vasquez' last conviction of any kind was eleven years ago, in April 2000.  See PSR ¶ 27, at 8.  His sentence in that case -- 29 months -- was moderately effective at deterring Vasquez' reentry, and the Court believes that a criminal history category of IV substantially over-represents the likelihood that Vasquez will commit other crimes.  Based on these findings, Vasquez' criminal history category is more accurately represented and more similar to those individuals with a criminal history category of III.  An offense level of 20 with a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months.

The Court notes that Vasquez illegally re-entered the United States after previously being

-10-

deported following a drug trafficking conviction.  The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant.  After a careful consideration of Vasquez' facts and circumstances, the Court concludes that the punishment that the guidelines set forth is not appropriate for this sort of offense.  The Court believes that a sentence approximating what the new amendments would do would be appropriate in this case, because it is the 1993 drug-trafficking conviction which results in the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).  See PSR ¶ 12, at 5.  Had this offense been committed twenty-four days later, the sentencing guidelines would not permit its use in the calculation of criminal history points, and under the proposed guidelines amendments the new guidelines would enhance the total offense level by only 12 levels, rather than the current 16-level enhancement.  See U.S.S.G. § 2L1.2(b)(1)(A) (proposed amendment)(effective November 1, 2011)("a conviction for a felony that is (a) a drug trafficking offense for which the sentence exceeded 13 months . . . , increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points.").  Furthermore, this conviction was not awarded any criminal history points on the Form 13.  The Court thus believes that the circumstances warrant a downward variance.

The Court has considered the kinds of sentences and ranges that the guidelines establish. Vasquez asks for a sentence "either at or near time served or, in the alternative, something not more than 30 months."  Tr. at 12:10-12 (Sapien).  The Court agrees with the United States that the sentence should be more than Vasquez' prior sentence of 29 months.  See Tr. at 19:17-22 (Kastrin). The Court does not, however, believe that the sentence needs to much greater than 29 months.  The

Court concludes that a sentence of 30 months continues to reflect the seriousness of this offense and promote respect for the law.  A sentence of 30 months will also provide adequate deterrence, because it is still a lengthy sentence that will protect the public and most of Vasquez' crimes have not been of a violent nature.  This sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes a sentence of 30 months is reasonable.  This sentence is more reasonable than the guidelines range and sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).

**IT IS ORDERED** that Defendant Juan Manuel Vasquez' request that the Court downwardly depart and/or downwardly vary in the Objections to Pre-Sentence Investigation Report and Sentencing Memorandum Submitted on Behalf of Defendant Juan Manuel Vasquez is granted in part and denied in part.  The Court will downwardly depart on Vasquez' criminal history category from IV to III and downwardly vary from the advisory guidelines range to impose a sentence of 30 months.  The Court otherwise denies Vasquez' requests.

_____
UNITED STATES DISTRICT JUDGE

-12-

*Counsel*:

Kenneth J. Gonzales
   United States Attorney
Norman Cairns
Holland S. Kastrin
   Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

      *Attorney for the Defendant*