# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Juan Manuel Vasquez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:09CR03613-001JB** |
| | USM Number: **29599-086** |
| | Defense Attorney: **Phillip Sapien, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326 (a) and (b) | Reentry of a Removed Alien | 09/03/2009 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 17, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**October 25, 2011**
Date Signed

Defendant: **Juan Manuel Vasquez**
Case Number: **2:09CR03613-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

Defendant Juan Manuel Vasquez, pursuant to a Plea Agreement, filed March 3, 2011 (Doc. 51) pled guilty to the federal Indictment, filed December 16, 2009 (Doc. 12), charging a violation of 18 U.S.C. § 1326(a) and (b), that being Re-Entry of Removed Alien. Under the Plea Agreement the parties agreed that Vasquez is entitled to a 2-level reduction in his total offense level pursuant to U.S.S.G. § 3E1.1(a), and, possibly, a 1-level reduction in his total offense level pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 6(a), at 2. The parties also agreed that Vasquez is entitled to a 1-level reduction in his total offense level under U.S.S.G. § 5K3.1, for waiver of appellate rights. See Plea Agreement ¶ 6(b), at 2.

In reaching the Plea Agreement, the parties relied on the Form 13 (pre-plea) Presentence Investigation Report ("Form 13"). See Objections to Pre-Sentence Investigation Report and Sentencing Memorandum Submitted on Behalf of Defendant Juan Manuel Vasquez ¶ 4, at 2, filed August 5, 2011 (Doc. 59)("Objections and Sentencing Memorandum"); United States` Response to Defendant`s Sentencing Memorandum at 1, filed August 14, 2011 (Doc. 60)("Response"). According to Form 13, Vasquez had a criminal history category of II, based on 3 criminal history points. See Response at 1; Objections and Sentencing Memorandum ¶ 7, at 2. Vasquez pled guilty based on advice from counsel that the guidelines range would be 37 to 46 months, envisioning a total offense level of 20 and a criminal history category of II. See Objections and Sentencing Memorandum ¶ 10, at 3; Response at 1.

The United States Probation Office ("USPO") disclosed a Pre-Sentence Investigation Report ("PSR") for Vasquez on April 12, 2011. In the PSR, the USPO calculated the total offense level, after the adjustments agreed to in the Plea Agreement, to be 20 and the criminal history category to be IV, based on 9 criminal history points. An offense level of 20 and criminal history category of IV establishes a guideline imprisonment range of 51 to 63 months. On August 5, 2011, Vasquez filed the Objections and Sentencing Memorandum. See Doc. 59. Vasquez contends that the Court should disregard the PSR`s criminal history calculation, because he relied on the Form 13 when he pled guilty to the charge in this case and understood that the guidelines range would be 37 to 46 months. See Objections and Sentencing Memorandum ¶ 18, at 4.

On August 12, 2011, the USPO issued an Addendum to the PSR ("Addendum"). In the Addendum, the USPO determined that pursuant to U.S.S.G. § 4A1.3(b)(1), which allows for a downward departure in criminal history if information indicates that the defendant`s criminal history category substantially over-represents the seriousness of the defendant`s criminal history, Vasquez` criminal history category should be a category III, not a category IV. See Addendum at 1. The total offense level of 20 and criminal history category of III results in a guideline imprisonment range of 41 to 51 months.

The Court has reviewed the PSR`s factual findings with care. There not being any objections to those factual findings, the Court will adopt them as its own. The Court has also considered the sentencing guideline application in the PSR. Although the Court will depart downward on the criminal history category, the Court otherwise adopts those as its own. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a).

Before any downward departure, the offense level is 21 and the criminal history category is IV, establishing a guideline imprisonment range of 57 to 71 months. Pursuant to rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure and U.S.S.G. § 5K3.1, the Court accepts the plea agreement, which stipulates to an offense level of 20, as the Court is satisfied that the agreed-on offense level departs for justifiable reasons. The plea agreement is pursuant to a nonstandard fast track plea agreement. In Section 401(m)(2)(b) of the PROTECT Act, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and that this departure is in the lower part of the range of departures that Congress allowed. The Court accepts the plea agreement, and the Court`s sentence will be consistent with it. An offense level of 20, combined with a criminal history category of IV, establishes a guideline imprisonment range of 51 to 63 months.

The Court will also grant a downward departure on the criminal history category. The Court may depart downward from a defendant`s criminal history category if it concludes that the category "substantially over-represents the seriousness of the defendant`s criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b). Pursuant to U.S.S.G. § 4A1.3(b) the Court finds a departure is warranted, as Vasquez` criminal history score substantially over-represents

his criminal history. The Court finds that Vasquez` criminal history is more consistent with a criminal history category of III, because the calculation of Vasquez` criminal history score in the PSR includes a 1993 conviction for Possession for Sale of a Controlled Substance (cocaine), for which he was sentenced to five years in custody and for which he was released on September 28, 1995. See PSR ¶ 23, at 6-7. This conviction is approximately twenty-four days short of avoiding the fifteen-year accountable time frame. See U.S.S.G. § 4A1.1 cmt. 1 ("A sentence imposed more than fifteen years prior to the defendant`s commencement of the instant offense is not counted unless the defendant`s incarceration extended into this fifteen-year period."). The PSR`s calculated criminal history score also includes a 1996 conviction for Illegal Reentry After Deportation, for which Vasquez received a sentence of 24 months in custody, and for which he was released on July 19, 1997. See PSR ¶ 25, at 8. The Court feels comfortable granting a departure for the 1993 conviction, because that conviction is close to becoming stale. The 1996 conviction falls more solidly within the fifteen-year time frame. While the age of both convictions counsels for a reduction, the Court does not believe that a criminal history category of III substantially over-represents Vasquez` criminal history. Additionally, Vasquez` last conviction of any kind was eleven years ago, in April 2000. See PSR ¶ 27, at 8. His sentence in that case -- 29 months -- was moderately effective at deterring Vasquez` reentry, and the Court believes that a criminal history category of IV substantially over-represents the likelihood that Vasquez will commit other crimes. Based on these findings, Vasquez` criminal history category is more accurately represented and more similar to those individuals with a criminal history category of III. An offense level of 20 with a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months.

The Court notes that Vasquez illegally re-entered the United States after previously being deported following a drug trafficking conviction. The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range applicable category of offense committed by the applicable category of defendant. After a careful consideration of Vasquez` facts and circumstances, the Court concludes that the punishment that the guidelines set forth is not appropriate for this sort of offense. The Court believes that a sentence approximating what the new amendments to the guidelines would do would be appropriate in this case, because it is the 1993 drug-trafficking conviction which results in the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). See PSR ¶ 12, at 5. Had this offense been committed twenty-four days later, the sentencing guidelines would not permit its use in the calculation of criminal history points, and under the proposed guidelines amendments, it would enhance the total offense level by only 12 levels rather than the current 16-level enhancement. Furthermore, this conviction was not awarded any criminal history points on the Form 13. The Court thus believes that the circumstances warrant a downward variance.

The Court has considered the kinds of sentences and ranges that the guidelines establish. Vasquez asks for a sentence of time served or, in the alternative, something not more than 30 months. The Court agrees with the United States that the sentence should be more than Vasquez` prior sentence of 29 months for Illegal Re-entry. The Court does not, however, believe that the sentence needs to much greater than 29 months. The Court concludes that a sentence of 30 months continues to reflect the seriousness of this offense and promote respect for the law. A sentence of 30 months will also provide adequate deterrence, because it is still a lengthy sentence that will protect the public, and most of Vasquez` crimes have not been of a violent nature. This sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes a sentence of 30 months is reasonable. This sentence is more reasonable than the guidelines range and sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).

☐ The court makes the following recommendations to the Bureau of Prisons:


☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Juan Manuel Vasquez**
Case Number: **2:09CR03613-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Juan Manuel Vasquez**
Case Number: **2:09CR03613-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

Defendant: **Juan Manuel Vasquez**
Case Number: **2:09CR03613-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

Totals: | **Assessment** | **Fine** | **Restitution**
|---|---|---|
| **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☐   In full immediately; or

B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.